**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000714
13-NOV-2024
07:59 AM
Dkt. 70 SO**

NO. CAAP-23-0000714

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

I.S., Appellant-Appellant,
v.
CHILD SUPPORT ENFORCEMENT AGENCY, STATE OF HAWAIʻI,
and J.R., Appellees-Appellees

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(CASE NO. 1FAL-22-0000001)

**SUMMARY DISPOSITION ORDER**
(By: Hiraoka, Presiding Judge, Wadsworth and Nakasone, JJ.)

I.S. (**Mother**) appeals from the November 6, 2023 Decision and Order Affirming the Administrative Findings and Order entered by the Family Court of the First Circuit.[1] We affirm.

Mother is a responsible parent[2] under Hawaii Revised Statutes (**HRS**) Chapter 576E. On August 5, 2021, she asked the Child Support Enforcement Agency (**CSEA**) for a "modification of child support due to income change." The Office of Child Support Hearings (**OCSH**) held hearings on January 5, 2022, and April 6,

---

[1]     The Honorable Matthew J. Viola presided.

[2]     "Responsible parent" means any person who does not have physical custody of a child and who has a legal duty of support. HRS § 576E-1 (2018).

2022. On April 29, 2022, OCSH filed a **Support Order**[3] requiring Mother to pay child support of $717 per month. Mother appealed to family court. The family court affirmed. This appeal followed.

Mother, a self-employed real estate agent, states a single point of error: "The Family Court erred in failing to remand this case to the CSEA hearing [sic] officer 'to scrutinize' mother's business expenses to determine the validity of each business expense[.]"

An OCSH hearing is conducted under HRS Chapter 91. Hawaii Administrative Rules § 5-31-2 (eff. 2014). Appeals are taken under HRS § 91-14. Our review of the family court's decision on Mother's appeal from the Support Order is a secondary appeal; we must determine whether the family court was right or wrong in its decision, applying the standards in HRS § 91-14(g) to the OCSH decision. CH v. Child Support Enf't Agency, 149 Hawaiʻi 523, 531, 495 P.3d 373, 381 (App. 2021).

A responsible parent's request to change their monthly support obligation is subject to the Hawaiʻi Child Support **Guidelines**. P.O. v. J.S., 139 Hawaiʻi 434, 436, 393 P.3d 986, 988 (2017). The Support Order correctly stated that the Guidelines "address self-employed individuals and how their incomes should be determined for calculating child support." The Guidelines dictate the following procedure to determine income:

> **SELF-EMPLOYED** individuals with gross incomes under $13,000 per month may calculate Monthly Net Income (Line 2) either (1) by using the automated version of the CSG WORKSHEET or, (2) if there is no eligible qualified business income deduction as defined in Internal Revenue Code Section 199A, by using the manual steps in §III.E.2. below. Self-employed individuals must report gross income minus ordinary, necessary and reasonable business/operating expenses[.]

---

[3] "Support order" means an obligation determined by a court or administrative agency, for the maintenance of a dependent child, which is owed to or on behalf of the child, or to the parent with whom the child is living. HRS § 576E-1.

Haw. State Judiciary, Hawaiʻi Child Support Guidelines 15 (2020) (footnotes omitted).[4]

The OCSH hearings officer used Mother's 2021 Form 1099 to determine Mother's annual gross income. Mother submitted an unsigned 2021 federal income tax return to prove her business expenses. Schedule C listed deductible business expenses of $20,431, and other business expenses of $2,368. Mother did not submit documentation of her business expenses. The hearings officer found and concluded:

> [Mother] failed to provide credible testimony or evidence to allow for any scrutiny of her deductions or expenses. . . . [Mother] failed to provide credible testimony or evidence to allow for any scrutiny of her deductions or expenses. [Mother] is self-employed and had to report gross income and then prove her expenses are ordinary, necessary, and reasonable business/operating expenses to reduce it. [Mother] failed to do this. . . . [Mother] argued that the IRS never questioned her deductions and expenses. Unlike the IRS, this hearings officer is bound to scrutinize [Mother]'s deductions and expenses. . . . [Mother] failed to show sufficient proof supporting her deductions and expenses. Because [Mother] failed to provide documents supporting her claimed deductions and expenses, it is reasonable to calculate [Mother]'s monthly gross income based upon her Form 1099 solely.

In Doe v. Child Support Enforcement Agency of Hawaii, 87 Hawaiʻi 178, 953 P.2d 209 (App. 1998) we stated: "in the case of a self-employed parent, there should be careful scrutiny by the agency/courts as to the reasonableness and appropriateness of business decisions that lessen the amount of the income available for child support." Id. at 182, 953 P.2d at 213. There, a self-employed father submitted his income/expense and asset/debt statements, federal income tax return, and handwritten ledger pages as evidence of his income and expenses. The OCSH hearings officer increased the father's child support obligation. The father appealed to family court. He argued the hearings officer incorrectly disallowed some of his business expenses by using

---

[4] The Guidelines are updated every four years. The current version took effect on April 1, 2024. See Haw. State Judiciary Fam. Ct. Memorandum RE: 2024 CHILD SUPPORT GUIDELINES (Mar. 20, 2024).

amounts from his ledgers instead of his tax return. The family court held that the hearings officer should have allowed the business expense deductions from the father's tax return, which are presumed to have been proper. We held:

> In the instant case, the family court was wrong when it created a presumption of correctness for all business deductions reported by Father on his tax return. The Hearings Officer's findings that certain of Father's alleged business expenses were not "necessary business/operating expenses" are not clearly erroneous.

Id. at 182, 953 P.2d at 213.

Here, the hearings officer couldn't scrutinize Mother's claimed expenses because Mother provided no evidence showing they were actually paid, their amounts, or their business purpose. Mother argues that "the hearing [sic] officer was required to 'scrutinize' Mother's business deductions *which required him to obtain the necessary records*." (Emphasis added.) Mother's argument is not persuasive. Mother, who initiated the OCSH proceeding, had "the burden of producing evidence[.]" HRS § 91-10(5) (2012). The hearings officer was not required to request or obtain evidence that Mother failed to produce.

The OCSH hearings officer did not err. The family court was not wrong to affirm the Support Order. The November 6, 2023 Decision and Order Affirming the Administrative Findings and Order is affirmed.

DATED: Honolulu, Hawaiʻi, November 13, 2024.

On the briefs:

Earle A. Partington,
for Appellant-Appellant I.S.

Jorge Keoki R. Cadiz,
Deputy Attorney General,
State of Hawaiʻi
for Appellee-Appellee
Child Support Enforcement
Agency, State of Hawaiʻi.

Christopher D. Thomas,
for Appellee-Appellee J.R.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge